**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 629.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. TIMONERE.

**[Cite as *Disciplinary Counsel v. Timonere*, 1996-Ohio-109.]**

*Attorneys at law—Misconduct—Permanent disbarment—Conviction in Florida for cocaine trafficking, conspiracy to traffic in cocaine, and violating Florida's Racketeering Influenced and Corrupt Organization Act.*

(No. 94-2646—Submitted November 8, 1995—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-67.

_____

{¶ 1} Relator, Office of Disciplinary Counsel, charged respondent, James Marion Timonere, last known address in Oldsmar, Florida, Attorney Registration No. 00033149, with violations of DR 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(6) (conduct that adversely reflects on fitness to practice law). In his answer, respondent admitted the facts underlying the charged misconduct--that he had been convicted in Florida on three counts of cocaine trafficking, one count of conspiracy to traffick in cocaine, and one count of violating Florida's Racketeering Influenced and Corrupt Organization Act ("RICO").[1] A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on August 11, 1994, upon completion of respondent's appeals from his convictions.[2]

{¶ 2} The case against respondent in his criminal trial evidently established that he was responsible for managing business aspects of a conspiracy to smuggle

_____

1. Pursuant to former Gov.Bar R. V(9)(a)(iii), now Gov.Bar R. V(5)(A)(3), respondent was suspended indefinitely from the practice of law on May 13, 1992.
2. Respondent is apparently continuing to appeal issues related to the sentences imposed for his crimes and is seeking a writ of habeas corpus in federal court.

cocaine into Florida from Mexico. He established a corporation that subsequently purchased a boat and airplane used to transport cocaine, he managed the corporation's accounts, he acted as a liaison between co-conspirators, he obtained provisions for smuggling expeditions, and he delivered cash to finance at least one of these trips. Respondent continues to maintain his innocence of these crimes, insisting that he acted out of a trusting friendship with the one of the main figures in the conspiracy and in furtherance of a legitimate representative capacity.

{¶ 3} The panel found that respondent violated DR 1-102(A)(3) and (6) based on his convictions. In recommending a sanction for this misconduct, the panel considered many favorable character letters offered by respondent's family, friends, and professional acquaintances to encourage a lenient sentence by the trial court. However, due to the severity of respondent's crimes, the panel recommended the sanction suggested by relator--permanent disbarment.

{¶ 4} The board adopted the panel's report, including its findings of fact, conclusions of law, and recommended sanction.

—————————————

*Geoffrey Stern*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

*James M. Timonere, pro se.*

—————————————

***Per Curiam.***

{¶ 5} Upon review of the record, we concur that respondent violated DR 1-102(A)(3) and (6). We also agree that respondent's egregious misconduct deserves the full measure of our disciplinary authority. Respondent is therefore ordered permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

2

January Term, 1996

_____